UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PAO Y.,

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

    Defendant.

Case No. 22-CV-1308 (PJS/ECW)

ORDER

  Adam Hagedorn, Charles J. Lloyd, Paul A. Livgard, and Stephanie Ann Christel, LIVGARD, LLOYD & CHRISTEL PLLP, for plaintiff Pao Y.

  Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, and Elvi Jenkins, James D. Sides, and Sophie Doroba, SOCIAL SECURITY ADMINISTRATION, for defendant Kilolo Kijakazi.

  After the Social Security Administration denied plaintiff Pao Y.'s[1] applications for Social Security disability insurance benefits and supplemental security income, he brought this lawsuit challenging that denial. Now before the Court are the parties' cross-motions for summary judgment. For the reasons that follow, Pao's motion is granted, defendant's motion is denied, and this matter is remanded to the agency for further proceedings.

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental party in orders in Social Security matters.

I. BACKGROUND

Pao filed an application for disability insurance benefits and supplemental security income in September 2019.  Pao's application alleged that he became disabled on July 15, 2018, due to, among other conditions, depression, hand tremors, pain in his back, neck, and shoulders, and post-traumatic stress disorder.  Admin. Rec. [ECF No. 10] at 262.

An individual is considered disabled and entitled to Social Security disability benefits if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  In addition, an individual is considered disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Id.* § 1382c(a)(3)(B).  "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  *Id.* § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that he is not engaged in any "substantial gainful activity." *Id.* § 416.920(a)(4)(i). If he is not, the claimant must, at step two, establish that he has a severe medically determinable impairment or combination of impairments. *Id.* § 416.920(a)(4)(ii). At step three, if the claimant has satisfied the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1, the Commissioner must find that the claimant is disabled. *Id.* § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the burden of establishing his residual functional capacity ("RFC") and proving that he cannot perform any past relevant work. *Id.* § 416.920(a)(4)(iv); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves that he is unable to perform any past relevant work, the burden shifts to the Commissioner to establish, at step five, that the claimant can perform other work existing in a significant number of jobs in the national economy. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

Pao's application for benefits was denied initially and then again on reconsideration. Admin. Rec. at 141, 149, 152. In February 2021, at Pao's request, an Administrative Law Judge ("ALJ") held a hearing on Pao's application. Pao testified at the hearing and was represented by an attorney. *Id.* at 33–56. After the hearing, the ALJ determined that Pao had multiple severe impairments: anxiety disorder, major depressive disorder, headaches, obesity, degenerative disc disease of the lumbar spine, and essential tremors. *Id.* at 12. Although these impairments "significantly limit [Pao's] ability to perform basic work activities," *id.* at 13, the ALJ found that the impairments did not meet or medically equal any listed impairments. *Id.* at 13–16. The ALJ determined that Pao had the capacity for light work with some restrictions, and that, although Pao was unable to return to his previous employment, there were jobs he could perform in the national economy. *Id.* at 16, 22, 23. The ALJ therefore concluded that Pao was not disabled. *Id.* at 24. The Appeals Council denied Pao's request for review of the ALJ's decision, *id.* at 1, and this lawsuit followed.

## II. ANALYSIS

### A. Standard of Review

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more

than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation and quotation marks omitted). Rather, it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." *Id.* "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012) (cleaned up).

### B. Substantial Evidence

Pao contends that the ALJ erred in evaluating his ability to perform work on a "regular and continuing basis," "8 hours a day, for 5 days a week" as Social Security Ruling 96-8p requires, and in finding that Pao had the RFC to perform jobs that exist in significant numbers in the national economy. According to Pao, the ALJ selectively highlighted the medical evidence in the record to support her conclusion that Pao was not disabled and ignored the weight of evidence regarding the extent of Pao's limitations.

The ALJ determined that Pao had the capacity to perform light work with occasional handling and fingering bilaterally. Admin. Rec. at 16. Although Pao claimed to suffer from hand and arm tremors, the ALJ found that his tremors were "not show [sic] on examination or observed by providers to the extent alleged." *Id.* at 14. The

ALJ's finding is not supported by substantial evidence in the record. Rather, every medical source reported the existence and severity of Pao's hand and arm tremors, with the consulting medical examiner observing "severe, large amplitude" intention tremors[2] in both of Pao's hands. *Id.* at 571. Even the agency's intake interviewer noted that Pao's "hands shook." *Id.* at 260. The ALJ erred in relying almost solely on evidence from 2018 in concluding that Pao's "treatment records do not show worsening tremor." *Id.* at 19. As Pao testified and as the medical evidence established, Pao's tremors worsened substantially after 2018.

An examination at the Minneapolis Clinic of Neurology in February 2019 found that Pao had "fairly high-frequency posture and action tremor" and characterized Pao's tremor as "very high-frequency, low amplitude." *Id.* at 393. A month later, an exam at the same clinic noted that Pao "has no resting tremor, although he clearly has very high-frequency postural and action tremor." *Id.* at 385. The Social Security Administration's consulting psychological examiner also commented on Pao's "quite noticeable" tremors in both hands. *Id.* at 574. The record is replete with similar observations, with Pao's acupuncturist noting "violent and freq[uent]" tremors in a January 2021 treatment note, *id.* at 767, and Pao's treating physician describing Pao's hands and shoulder shaking

---

[2] An intention tremor is a "rhythmic, oscillatory, and high amplitude tremor during a directed and purposeful motor movement, worsening before reaching the target." *Intention Tremor*, National Institutes of Health, National Library of Medicine (available at https://www.ncbi.nlm.nih.gov/books/NBK560642/).

and "high amplitude" tremors in his trapezius muscles and shoulder girdle in a report from December 2020. *Id.* at 763.

The ALJ's failure to properly evaluate Pao's tremors is evident in other findings as well. The ALJ criticized the fact that Pao treated his tremors with chiropractic and acupuncture treatments, *id.* at 18, but traditional medicine often has limited success in treating tremors. For that reason, health-care providers often recommend "alternative forms of therapy . . . such as acupuncture." *How Do You Treat Essential Tremor in Your Practice?*, National Institutes of Health, National Library of Medicine (available at https://www.ncbi.nlm.nih.gov/pmc/articles/PMC8729894/). The ALJ also seemed to believe that Pao did not stop working because of the tremors, but rather because he was "laid off without reason." *Id.* at 19. The evidence she cites for this conclusion is Pao's self-reported employment history from jobs he held many years before his tremors developed, not his employment at the time his tremors worsened in 2018. *Id.* at 455.

The "substantial evidence" threshold is not a high one. *See Dickinson v. Zurko*, 527 U.S. 150, 152–54(1999) (comparing the substantial-evidence standard to the deferential clearly erroneous standard). But it is a standard that the ALJ did not meet. Her conclusion that Pao maintained the capacity to perform even occasional handling and fingering in a competitive work setting is not supported by substantial evidence in

the record as a whole. The Court therefore remands this matter to the Commissioner for reconsideration of Pao's RFC.

Pao also argues that the ALJ erred in evaluating his mental health and his back and neck problems. The Commissioner should address those issues on remand when considering whether Pao is able to maintain competitive employment. *See Eback v. Chater*, 94 F.3d 410, 412 (8th Cir. 1996) (a disability claimant's impairments must be "considered in totality").

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for summary judgment [ECF No. 15] is GRANTED.

2. Defendant's motion for summary judgment [ECF No. 21] is DENIED.

3. This matter is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 31, 2023  　　　　　　　　s/Patrick J. Schiltz
　　　　　　　　　　　　　　　　　　　　Patrick J. Schiltz, Chief Judge
　　　　　　　　　　　　　　　　　　　　United States District Court